**JIN RU ZOU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0007–ag.

United States Court of Appeals, Second Circuit.

Sept. 18, 2008.

Liu Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Asst. Atty. General, John S. Hogan, Senior Litigation Counsel, Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Jin Ru Zou, a native and citizen of China, seeks review of the December 19, 2007 order of the BIA affirming the January 13, 2006 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa pretermitting Zou's application for asylum and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jin Ru Zou,* No. A98 223 343 (B.I.A. Dec. 19, 2007), *aff'g* No. A98 223 343 (Immigr. Ct. N.Y. City Jan. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA' s and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, un-

der the substantial evidence standard, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). For applications governed by the REAL ID Act of 2005, like the one at issue here, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

As a preliminary matter, Zou does not challenge the pretermission of her asylum application or the agency's denial of CAT relief. Accordingly, we review only Zou's challenge to the denial of her application for withholding of removal under INA § 241.

We find that the agency's adverse credibility determination is supported by substantial evidence. For example, the agency reasonable noted the implausibility of Zou's testimony that although she practiced Falun Gong in various practitioners' homes throughout China, delivered Falun Gong materials to fellow practitioners, and participated in activities promoting the practice to the public, her only involvement with Falun Gong in this country was her periodic practice at home, alone. The IJ found that Zou's "lack of Falun Gong activity in the United States undermines her claimed testimony regarding those activities in China." That conclusion is not the

result of "bald speculation" because it is tethered to the record, i.e., Zou's own testimony and personal statement. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir. 2007); *Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007). Indeed, it is understandable that the IJ found Zou's story, as a whole, farfetched. *See Ying Li v. BCIS,* 529 F.3d 79, 80 (2d Cir.2008). Even if there are plausible explanations, such would not compel us to disturb the IJ's finding. *See id.* Therefore, the IJ did not err in basing her adverse credibility determination on these implausible aspects of Zou's account. *See Xiu Xia Lin,* 534 F.3d at 167–68; *Wensheng Yan,* 509 F.3d at 66–67.

The IJ also based her adverse credibility determination on internal inconsistencies in Zou's testimony. The IJ noted in particular that while Zou initially testified that her parents did not know she was involved in Falun Gong until she was arrested in 2003, Zou later stated that she told her parents in May 2000, and that they also observed her practicing at that time. The IJ further observed that while Zou testified that her parents told her that Public Security Ministry officials came looking for her, she omitted this detail from the statement accompanying her asylum application.

Although less than dramatic, the agency reasonably relied on these discrepancies in its cumulative analysis of Zou's credibility. See 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167–68; *Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006). Because the only evidence of a threat to Zou's life or freedom depended on her credibility, the agency's denial of withholding of removal was proper. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.