**MIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

**No. 06–4635–ag.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**34**

Michael Brown, New York, NY, for Petitioner.

David A. Capp, United States Attorney, Toi Denise Houston, Assistant United States Attorney, United States Attorney's Office, Hammond, IN, for Respondent.

Present JON O. NEWMAN, ROGER J. MINER and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Min Chen, a native and citizen of the People's Republic of China, seeks review of a September 26, 2006 order of the BIA affirming the May 18, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Chen,* No. A96 017 445 (B.I.A. Sept. 26, 2006), *aff'g* No. A96 017 445 (Immigr. Ct. N.Y. City May 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the "BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . [this Court] review[s] the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

In this case, the IJ reasonably concluded that Chen's testimony regarding the interception of his mailing of Falun Gong reading materials to his family in China was implausible and provided substantial support for the IJ's adverse credibility determination.

Chen argues that there are many explanations for the government's failure to sanction or question his parents as well as for their failure to intercept his mother's letter. However, an implausibility finding is not defeated merely because a petitioner can point to a possible explanation for the implausibility. *See Ying Li v. BCIS,* 529 F.3d 79, 82 (2d Cir.2008).

Chen further argues that the IJ erred in requiring him to produce documentation proving that he mailed Falun Gong materials to China without first establishing that this corroborating evidence was reasonably available. That argument is unavailing; while an IJ must first identify the particular pieces of missing, relevant evidence and show that this evidence was reasonably available before denying relief to an

otherwise credible applicant based solely on lack of corroboration, he need not follow this procedure before relying on a lack of corroboration to support an adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). In this case, Chen's credibility had already been cast into doubt by his implausible testimony. *See id.* Chen's failure to produce an express mail receipt or other documentation establishing that he indeed sent the materials to his parents prevented him from rehabilitating that testimony. *See id.*

Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003). Chen abandoned his CAT claim by failing to raise it either to the BIA or to this Court. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007). Moreover, in his brief to this Court, Chen did not challenge the agency's finding that he was not eligible for relief based on his girlfriend's two forced abortions, and thus he has waived any argument he might have raised in that regard. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.