SUMMARY ORDER

Petitioner Xiu Yan Zhang, a native and citizen of the People’s Republic of China, seeks review of a December 19, 2007 order of the BIA afSrming the September 18, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan denying her applica *491 tion for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiu Yan Zhang, No. A95 716 427 (B.I.A. Dec. 19, 2007), ajfg No. A95 716 427 (Immig.Ct.N.Y.City, Sept. 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the IJ’s decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we review the entire IJ decision without confining our review to the grounds expressly addressed by the BIA. See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Muka-sey, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. See Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005).
We conclude that the IJ’s adverse credibility determination is supported by substantial evidence. The IJ properly found that: (1) while Zhang testified that her friend, Chen Xiao Jing, had been arrested, her letter did not mention that arrest; (2) Zhang testified that her father had been arrested and detained for a few hours, but his letter failed to mention those assertions; and (3) her father’s letter, stating that he told Zhang not to come home when she called, was inconsistent with her testimony that she went home briefly and then fled to her aunt’s home. An IJ is entitled to rely on inconsistencies between an applicant’s testimony and her written submissions to support an adverse credibility determination. See Surinder Singh v. BIA, 438 F.3d 145, 148 (2d Cir.2006) (finding that the failure of an individual who was allegedly present when petitioner was released from detention to include the fact of his own presence in his written submission to the IJ provided support for the IJ’s adverse credibility determination). Accordingly, these findings provide support for the adverse credibility determination.
The IJ also found implausible that Zhang would distribute Falun Gong flyers even after learning that the Chinese government had banned the practice. An IJ may rely on implausible aspects of an applicant’s account to determine that the manner in which her testimony “hangs together with other evidence” is not credible. See Ying Li v. BCIS, 529 F.3d 79, 82 (2d Cir.2008) (finding that an IJ did not err in concluding that it was implausible that the petitioner, a student, was harassed by local officials for promoting Fa-lun Gong among her classmates, even though she did not practice it, while her uncle’s friend, a Falun Gong practitioner, openly visited her home twenty times and was never arrested). Here, the IJ did not err in finding unlikely that Zhang would have risked her own safety by distributing Falun Gong flyers for one month, when she never practiced Falun Gong. See id.
The IJ further observed that at certain points in her testimony, Zhang exhibited “a very clear reluctance to provide any detail as to what she saw other than repeating that she ‘saw [Falun Gong members] blocking the police officer.’” Such assessments of demeanor, bolstered by specific examples in the record, are afforded particular deference by this Court. See Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 109 (2d Cir.2006).
In light of the IJ’s concerns about Zhang’s credibility, it was reasonable for him to expect corroboration of Zhang’s assertions. See Xiao Ji Chen v. U.S. Dep’t *492 of Justice, 471 F.3d 315, 341 (2d Cir.2006) (holding that the absence of corroboration may render an applicant unable to rehabilitate testimony that has already been called into question). The IJ properly found that Zhang failed to provide corroboration from her mother and aunt. Furthermore, it was reasonable that the IJ declined to credit Zhang’s explanations that she was unable to submit such corroboration because they were illiterate, given her testimony that her father and her aunt’s children could read and write. Zhang’s failure to submit corroboration thus made her unable to rehabilitate her already questionable testimony. See Xiao Ji Chen, 471 F.3d at 341.
While the IJ’s decision was not without error,[1] remand would be futile in this case because we can confidently predict that the agency would reach the same conclusion absent any errors we have identified. See Xiao Ji Chen, 471 F.3d at 338. The IJ’s error-free findings provide sufficient support for his overall adverse credibility determination. See 8 U.S.C. § 1158(b)(l)(B)(iii); see also Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). Accordingly, the IJ properly denied Zhang’s application for asylum. Moreover, the adverse credibility determination necessarily precludes success on her claims for withholding of removal and CAT relief where all three claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

. We cannot uphold the IJ's findings based on the airport and credible fear interviews. While the IJ found that Zhang's account of her claim at her airport interview failed to mention that she left China because the police were looking for her, her responses indicate that she informed the authorities that she left China because she was somehow involved in Falun Gong and “was seen by the police,” and that she feared return to China because the police sought her arrest for practicing Falun Gong. Because the IJ’s finding failed to consider the airport interview record in its entirety, it may not provide support for the adverse credibility determination. See Cao He Lin, 428 F.3d at 406 (finding error in the IJ’s failure to review evidence in the context of the whole record). Moreover, the credible fear interview record was not a verbatim account of the interview, but rather, a summary without any indication of the questions posed to Zhang. See Ramsameachire v. Ashcroft, 357 F.3d 169, 179-80 (2d Cir.2004) (providing guidelines for evaluating the accuracy of airport interviews). Here, the IJ acknowledges that the record of Zhang's credible fear interview is not a verbatim account of the interview. See id. at 180. Moreover, the record does not indicate the questions that were posed to Zhang. See id. at 180.