**XIAO BIN LI, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney**

**426**

General,* Respondent.

No. 08–3334–ag.

United States Court of Appeals,
Second Circuit.

Feb. 10, 2009.

Jeannine Quijije, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Trish Maskew, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Xiao Bin Li, a native and citizen of the People's Republic of China, seeks review of a June 9, 2008 order of the BIA, affirming the September 12, 2006 decision of Immigration Judge ("IJ") William Van Wyke, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Bin Li,* No. A98 355

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

709 (B.I.A. Jun. 9, 2008), *aff'g* A98 355 709 (Immig. Ct. N.Y. City Sep. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir.2008).

█ Substantial evidence supports the agency's adverse credibility determination. *Xiu Xia Lin,* 534 F.3d at 165. The IJ found Li's testimony to be inconsistent where he claimed to be so committed to Falun Gong that he would risk his own life to distribute flyers, yet testified that he had never had a direct experience with Falun Gong. Li was unable to name anyone he knew who practiced Falun Gong besides his uncle and conceded that he never talked to him about Falun Gong. He also testified that he has only distributed flyers in the United States two or three times because of a lack of available time. The IJ reasonably questioned Li's credibility based on this testimony. *See Ying Li v. BCIS,* 529 F.3d 79, 80 (2d Cir.2008); *Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006).

After observing Li's demeanor, the IJ said that he was left with the impression that Li was trying to avoid answering simple questions. The IJ also described Li's testimony as hesitant, conclusory, and unresponsive, and found that Li's answers were evasive. We defer to such assessments of an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); 8 U.S.C. § 1158(b)(1)(B)(iii).

Ultimately, the discrepancies the IJ identified constitute substantial evidence for his adverse credibility determination. *See Xiu Xia Lin,* 534 F.3d at 165–66; *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). The agency's denial of Lin's application for asylum was therefore not improper. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

█ As for Li's challenges to the agency's denial of withholding of removal and CAT relief, we lack jurisdiction to consider them because he failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). We therefore dismiss the petition for review to that extent.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.