SUMMARY ORDER

Ting Sang, a native and citizen of the People’s Republic of China, seeks review of a June 25, 2008 order of the BIA affirming the June 20, 2006 decision of Immigration Judge (“IJ”) Noel Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ting Sang, No. A95 460 288 (B.I.A. Jun. 25, 2008), aff'g No. A95 460 288 (Immig. Ct. N.Y. City Jun. 20, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA affirms the IJ’s decision in all respects but one, we review the IJ’s decision as modified by the BIA decision, i.e., “minus the single argument for denying relief that was rejected by the BIA.” Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA rejected (1) the IJ’s findings that, assuming his credibility, Sang failed to establish past persecution, and (2) some of the grounds for the IJ’s adverse credibility finding. Accordingly, we review the IJ’s adverse credibility determination as modified by the BIA. Id. We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
In making her adverse credibility determination, the IJ relied largely on implausible aspects of Sang’s claim, noting that: *65 (1) Sang, who had been a police officer for 16 or 17 years, told police that there was nothing wrong with Falun Gong while they were interrogating him about the disappearance of a Falun Gong leader; and (2) he purportedly admitted to the authorities that the Falun Gong leader taught his mother Falun Gong, thereby admitting that she was engaged in illegal acts. We have held that “when an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual implausible feature of the account can be explained or rationalized.” Ying Li v. Bureau of Citizenship and Immigration Services, 529 F.3d 79, 82 (2d Cir.2008). Here, the background evidence in the record describes the severity of the government’s crackdown on Falun Gong, the agency reasonably found it implausibile that a police officer would engage in the conduct alleged by Sang. Id. Further, while Sang attempted to explain why his statements were plausible, the agency was under no obligation to credit his explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005); see also Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir.2007).
The IJ also relied on a discrepancy in the record, where Sang’s original asylum application asserted that he was reassigned to work in a “special office for investigating Falun Gong,” but his amended application indicated that he was transferred to “work on special cases,” and he testified that he was working on special traffic cases. In a pre-REAL ID Act case like the one at issue here, to form the basis of an adverse credibility determination, a discrepancy must be “substantial” when measured against the record as a whole. See Secaida-Rosales v. INS, 331 F.3d 297, 308-09 (2d Cir.2003). Here, Sang’s discrepant descriptions of his job are substantial where they cast doubt on whether he was in a special unit, or any position that would have given him access to sensitive materials about police operations against Falun Gong leaders. See id. While Sang argued to the BIA that there were translation errors in the first asylum application, the BIA noted that he had failed to provide evidence of the translation errors he alleged, and properly relied on 8 C.F.R. § 208.3(c)(2) to find that the “applicant’s signature establishes a presumption that the applicant is aware of the contents of the application.” See also Zhi Wei Pang v. Bureau of Citizenship and Immigration Services, 448 F.3d 102, 107-08 (2d Cir. 2006).
The IJ also found that Sang’s testimonial demeanor reflected negatively on his credibility, and that he had failed adequately to corroborate him claim in light of the credibility concerns. Because Sang fails to challenge these findings, we consider any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Viewed as a whole, the IJ’s adverse credibility finding was supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95. Accordingly, the IJ’s denial of Sang’s application for asylum was proper. Further, inasmuch as Sang based his withholding of removal and CAT claims on the same factual predicate as his asylum claim, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.