**MIN LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,[1] Respondent.**

No. 08–3548–ag.

United States Court of Appeals, Second Circuit.

May 15, 2009.

Jan Potemkin, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Michelle G. Latour, Assistant Director, Sunah Lee, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. PIERRE N. LEVAL and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Min Lin, a native and citizen of the People's Republic of China, seeks review of a June 23, 2008 order of the BIA affirming the August 16, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, pretermitting his asylum application and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Min Lin*, No. A99 320 423 (B.I.A. June 23, 2008), *aff'g* No. A99 320 423 (Immig. Ct. N.Y. City Aug. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

As an initial matter, because Lin does not challenge the IJ's pretermission of his untimely asylum application, we deem any such challenge to have been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, we review only Lin's challenge to the agency's denial of his applications for withholding of removal and CAT relief.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

Substantial evidence supports the IJ's adverse credibility determination. Specifically, the IJ based that determination on: (1) discrepancies between Lin's testimony that he fled China because he feared sterilization and his asylum application, which made no such claim; (2) discrepancies between his testimony that his wife only had one IUD inserted and his wife's affidavit, which stated that she had "another IUD"

inserted; (3) implausible aspects of his testimony, such as his wife not contacting him for over a month after she was forced to have an abortion and his wife's willingness to return to her home to collect clothing when she knew authorities were looking for her; and (4) Lin's failure to provide sufficient corroborative evidence to rehabilitate his testimony.

We find Lin's arguments challenging the IJ's findings unpersuasive. For example, Lin asserts that the IJ erred in focusing on the omission in his asylum application when the facts "later emerged during his testimony." While petitioners are not required to list every single incident of persecution on their asylum application, *Pavlova v. I.N.S.,* 441 F.3d 82, 90 (2d Cir. 2006), the IJ did not err in expecting that Lin would have remembered to include the threat of sterilization, even if he had based his claim on his wife's alleged forced abortion, when he testified that the reason he left China was because of that threat. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Nor was it improper for the IJ to conclude that aspects of Lin's testimony were implausible. *See Ying Li v. BCIS,* 529 F.3d 79, 80 (2d Cir.2008).

Thus, based on the totality of the circumstances, the IJ properly found that Lin was not credible.[2] *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

---

**2.** Because Lin does not challenge the agency's finding that he failed to provide sufficient corroborative evidence to rehabilitate his tes- timony, any such argument is deemed waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).