XIANG LIN, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General, Respondent.*

No. 08–4678–ag.

United States Court of Appeals, Second Circuit.

June 5, 2009.

Michael Brown, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xiang Lin, a native and citizen of China, seeks review of a September 5, 2008 order of the BIA affirming the March 1, 2007 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Lin,* No. A098 596 433 (B.I.A. Sep. 5, 2008), *aff'g* No. A098 596 433 (Immig. Ct. N.Y. City Mar. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**656**

decision, we review both decisions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. We give significant deference to the IJ's finding that Lin's demeanor indicated that he was not testifying in a credible manner. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ observed that Lin was often evasive and unresponsive during his testimony. We are not compelled to disturb that finding.

Substantial evidence also supports the balance of the IJ's adverse credibility findings. Specifically, the IJ found implausible Lin's testimony that although he knew it was illegal to promote Falun Gong and although he never practiced Falun Gong in China, he put himself at risk by passing out Falun Gong flyers because he was "not satisfied with the Chinese government." We have previously concluded in similar circumstances that an IJ does not err in finding such claims to be implausible. *See Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir.2008).

Additionally, the IJ properly relied on inconsistencies between Lin's testimony and his documentary evidence. For example, Lin testified that from May to October 2004 he had no medical problems, whereas his medical record indicated that he had "an ongoing problem with gastritis and abdominal cramping" in May 2004. This discrepancy, together with the IJ's demeanor and implausibility findings, served to undermine Lin's credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–107 (2d Cir. 2006).

Ultimately, because the IJ's credibility findings were "based upon neither a misstatement of the facts in the record nor bald speculation or caprice," we will not disturb them. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). Because Lin based his claims for withholding of removal and CAT relief on the same factual predicate, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).