07-0963-ag
Ying Li v. BCIS

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: April 23, 2008          Decided: June 10, 2008)

Docket No. 07-0963-ag

- - - - - - - - - - - - - - - - - - -x

YING LI,

                    Petitioner,

          - v.-

BUREAU OF CITIZENSHIP AND IMMIGRATION
SERVICES,

                    Respondent.

- - - - - - - - - - - - - - - - - - -x

     Before:          JACOBS, <u>Chief Judge</u>, KEARSE and KATZMANN,
                      <u>Circuit Judges</u>.

     In this review of a decision of the Board of
Immigration Appeals summarily affirming an immigration
judge's ("IJ") denial of a petition for asylum, withholding
of removal, and protection under the Convention Against
Torture, we hold that the IJ's adverse credibility
determination, based on implausibility, is supported by

1

substantial evidence.  While explanations are available for features of petitioner's account that were found implausible, we review the entire record, not whether each unusual feature of the account can be explained or rationalized.  See Borovikova v. U.S. Dep't of Justice, 435 F.3d 151, 161 (2d Cir. 2006).  The petition is denied.

Lorance Hockert, New York, NY, for Petitioner.

Susan K. Houser, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice (Peter D. Keisler, Assistant Attorney General, and Lisa M. Arnold, Senior Litigation Counsel, on the brief), Washington, DC, for Respondent.

DENNIS JACOBS, Chief Judge:

Petitioner Ying Li, a native and citizen of the People's Republic of China, seeks review of a summary affirmance by the Board of Immigration Appeals ("BIA") of the oral decision of an immigration judge ("IJ"), which denied her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In re Li, Ying, No. A 95 688 247 (B.I.A. Feb. 20, 2007), aff'g No. A 95 688 247 (Immig. Ct. New York City, Aug. 9,

2005).  Li's asylum application is premised on her claim that the Chinese government persecuted her for supporting Falun Gong.  The IJ determined that Li was not credible, chiefly on the ground that her account is implausible, and denied her applications on that basis.

We conclude that the IJ's adverse credibility determination is supported by substantial evidence.  The IJ relied on several "valid" and "cogent" reasons for rejecting Li's testimony as implausible.  See Ming Xia Chen v. BIA, 435 F.3d 141, 145 (2d Cir. 2006).  While explanations are available for features of petitioner's account that were found implausible, we review the entire record, not whether each unusual feature of the account can be explained or rationalized.  See Borovikova v. U.S. Dep't of Justice, 435 F.3d 151, 161 (2d Cir. 2006).  The IJ could conclude that Li's account, taken all in all, is implausible; and so we cannot say that any reasonable adjudicator would be compelled to conclude that she testified credibly.  Accordingly, the petition is denied.

**I**

Ying Li was placed in removal proceedings in January

2005 when she attempted to enter the United States without valid travel documents. Li applied for asylum, withholding of removal, and relief under the CAT, claiming that the Chinese government persecuted her for her involvement with Falun Gong.

Li's account--as set forth in her asylum application and at her merits hearing--is as follows:

Her uncle's friend, a practitioner, introduced her to Falun Gong. Although Li had only a "basic understanding" of Falun Gong, she was "very interested" in it because "it [is] a good practice" and is beneficial to physical and mental health. Li promoted Falun Gong "because [she] believed that [Falun] Gong was not an evil cult." However, Li was too busy with her studies to learn or practice Falun Gong in China.

After the Chinese government declared Falun Gong an "evil cult," her uncle's friend went into hiding. Li thought that the Chinese government "should not suppress and persecute Falun Gong followers, who were kind and innocent." Li, a student at the Fuzhou City Industrial School,

4

would sometimes promote among her classmates opposition to the government's suppression of Falun Gong. In September 2003, school officials forcibly detained her for seven hours, beat her, and forced her to sign a letter promising that she would end her involvement with Falun Gong.

When her uncle's friend visited her in August 2004, he encouraged Li to continue her support. This individual visited Li's family home about twenty times over a four to six week period. In September 2004, while Li was away, the police came to her home to arrest her. They told her father that someone had reported that she "colluded with Falun Gong followers," and they challenged him when he denied that she was member of Falun Gong. According to Li, "[g]overnment officials pursued me everywhere, [and] threatened my family to disclose my whereabouts." Subsequently, Li's family arranged for her to leave China. In the United States, Li practices Falun Gong two to three times per week. She fears returning to China because "the Chinese government would arrest

me, sentence me, and further persecute me" for being involved with Falun Gong.

The IJ denied Li's application for asylum, withholding and CAT protection, reasoning, as described in Part III.B below: "None of this testimony is plausible or credible to the Court and, therefore, the Court does not believe that the respondent has presented testimony to which I can give credence." In February 2007, the BIA summarily affirmed.

## II

In considering an application for asylum, withholding of removal, and CAT protection, the agency generally must make a credibility finding; failure to do so may be a ground for vacatur. See Diallo v. INS, 232 F.3d 279, 290 (2d Cir. 2000). Although Li asserts on appeal that the IJ failed to make an adverse credibility determination, she did not exhaust this issue before the BIA; to the contrary, her submission to the BIA challenged the adverse credibility determination that the IJ made. We decline to consider this argument on appeal, and deem it forfeited. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

**III**

In the alternative, Li challenges the IJ's adverse credibility determination.

**A**

When the BIA summarily affirms an IJ decision, we review the IJ decision as the final agency determination. Twum v. INS, 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings, including an adverse credibility determination, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "In cases like this one, in which the IJ bases her denial of asylum on a finding that a petitioner's application is not credible, our review is especially limited and highly deferential." Borovikova, 435 F.3d at 156 (internal quotation marks omitted); see also Jin Chen v. U.S. Dep't of Justice, 426 F.3d 104, 113 (2d Cir. 2005) ("We afford particular deference in applying the substantial evidence standard when reviewing an IJ's credibility findings." (internal quotation marks omitted)).

"When an IJ has supported an ultimate finding that an applicant's testimony was not credible by concluding that

7

significant aspects of the testimony were implausible, the decisions of our Court have not been entirely consistent." Ming Xia Chen v. BIA, 435 F.3d 141, 145 (2d Cir. 2006). For example, "we have cited approvingly the BIA's view that an adverse credibility finding may be based on 'inherently improbable testimony.'" Id. (quoting Diallo v. INS, 232 F.3d 279, 287-88 (2d Cir. 2000)); see In re S-M-J-, 21 I. & N. Dec. 722, 729 (B.I.A. 1997) ("Adverse credibility determinations are appropriately based on inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ."). But we have also said that an "IJ must point to valid, or specific, cogent reasons for rejecting an applicant's testimony and may not reject testimony based on speculation." Ming Xia Chen, 435 F.3d at 145 (internal quotation marks and citations omitted). To be sure, "the line between reasonable inference-drawing and speculation is imprecise," Guo-Le Huang v. Gonzales, 453 F.3d 142, 147 (2d Cir. 2006), and we do not undertake such a delineation here. Nevertheless, we must decide on which side of this blurry divide Li's case falls. See Ming Xia Chen, 435 F.3d at 145.

**B**

8

The IJ found Li's account implausible because:

[1] Li claimed to promote Falun Gong for over six years (beginning at age 14) without ever learning or practicing it herself.

[2] The police sought to arrest Li, a teenager who never studied or practiced Falun Gong in China; yet her uncle's friend, a Falun Gong practitioner, openly visited her home twenty times and was never arrested.

[3] Li was able to depart China from the airport using her own passport.

[4] At her hearing, Li recited only "elementary information" about Falun Gong and presented photographs of herself practicing Falun Gong which were, as Li acknowledged, taken on a single occasion.

Li responds that [1] she can claim persecution on account of her support for Falun Gong without practicing it; [2] nothing indicates that Li's neighbors or the authorities knew that she was discussing Falun Gong with her uncle's friend; [3] she was probably able to leave China on her own passport because she was wanted by local, not national

9

authorities; and [4] she answered every question asked regarding her present involvement with Falun Gong.

Some features of Li's account that were doubted by the IJ can be rationalized or subjected to useful further inquiry and analysis. But when an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized. See Borovikova, 435 F.3d at 161 ("When an IJ bases an adverse credibility finding on multiple grounds, we review the totality of the IJ's decision, instead of dissecting the IJ's opinion and reviewing each portion in isolation."); cf. Liang Chen v. U.S. Atty. Gen., 454 F.3d 103, 106-07 (2d Cir. 2006) (explaining that an IJ "may rely upon the cumulative impact" of inconsistencies "and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence" (internal quotation marks and citations omitted)).

On the basis of the entire record, we cannot disturb the IJ's finding that Li's account is implausible. The picture that emerges is of a student who promoted Falun Gong

10

among her classmates (but did not practice it), who was harassed by local officials (alone among her family), who met with a Falun Gong practitioner repeatedly and openly (although he was never arrested), and who successfully quit the country using her own passport (despite allegations of nationwide persecution). Still other implausibilities inhere in Li's account--for example, if Li was able to leave China on her own passport because she was wanted only by local authorities (as Li contends), why didn't she go to the next village or elsewhere in that capacious land?

There are available explanations. A person could, out of affection for a friend or altruistic commitment to liberty, risk her safety or give up her country for something she does not thoroughly understand or practice. Cf. Rizal v. Gonzales, 442 F.3d 84, 90 (2d Cir. 2006) ("[P]eople can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and . . . those same people can be persecuted for their religious affiliation."). And it is possible that the Chinese authorities identified a high school student, and laid a dragnet for her, while failing to locate her friend's uncle, an adult who practices and

11

proselytizes.  And she might have thought she could give the police the slip at the airport (and did) even while using her own passport to leave the country.

At the same time, these available possibilities do not defeat a finding that the account is implausible.  Features of the account are somewhat surprising.  Moreover, the contours of the narrative are drawn in a way that evades corroboration to an unusual extent.  Her account is one that could be established solely by perjury, permitting an inference of fabrication.

In light of the overall implausibility of Li's account, we cannot say that any reasonable adjudicator would be compelled to conclude that Li testified credibly.  See 8 U.S.C. § 1252(b)(4)(B).  Accordingly, we uphold the IJ's adverse credibility determination and denial of Li's applications.

* * *

For the foregoing reasons, we deny the petition for review.  Having completed our review, the pending motion for a stay of removal in this petition is denied as moot.

12