**XIU MEI JIANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 07–4288–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

**28**

Xiu Mei Jiang, Brooklyn, NY, Pro Se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Jamie M. Dowd, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xiu Mei Jiang, a native and citizen of the People's Republic of China, seeks review of the September 10, 2007 order of the BIA affirming the October 27, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Mei Jiang*, No. A97 954 405 (B.I.A. Sep. 10, 2007), *aff'g* No. A97 954 405 (Immigr. Ct. N.Y. City Oct. 27, 2005). We assume the parties'

familiarity with the underlying facts and procedural history of the case.

When "the BIA [does] not expressly 'adopt' the IJ's decision, but its brief opinion closely tracks the IJ's reasoning," the Court may consider both the IJ's and the BIA's opinions for the "sake of completeness" if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). This Court reviews de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

Here, we conclude that the agency's denial of relief was supported by the record. The agency rendered an adverse credibility determination against Jiang and while she asserts in her brief that she provided "detailed and credible testimony," she fails to make any specific argument challenging the agency's inconsistency and implausibility findings. Even construing her *pro se* submission broadly, we find that Jiang fails to meaningfully challenge the agency's adverse credibility finding. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145–46 (2d Cir.2002). As such, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).[2]

In any event, the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). The IJ reasonably found it implausible that after having hid at her uncle's home for months to avoid detection,

---

**2.** Similarly, we deem waived any argument regarding the denial of CAT relief. *Yueqing*

*Zhang*, 426 F.3d at 541 n. 1.

Jiang would go to a government-run hospital to give birth and that none of the hospital staff would report Jiang's unauthorized pregnancy. *See Ying Li v. BCIS*, 529 F.3d 79, 83 (2d Cir.2008). We also find no error in the agency's finding of an inconsistency between Jiang's testimony that her husband no longer resided at their marital home and his letter, which listed his return address as their marital home. While Jiang testified that her husband would occasionally "return home surreptitiously," the agency was not required to credit this explanation and reasonably found Jiang's explanation unpersuasive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005). Accordingly, substantial evidence supports the agency's adverse credibility determination and subsequent denial of asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.