**Jaspal SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 08–0402–ag.**

United States Court of Appeals, Second Circuit.

Nov. 14, 2008.

Jaspal Singh, Flushing, NY, pro se.

Gregory G. Katsas, Assistant Attorney General, Civil Division, James A. Hunolt, Senior Litigation Counsel, Nicole N. Murley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Jaspal Singh, a native and citizen of India, seeks review of a December 28, 2007, order of the BIA affirming the December 13, 2005, decision of Immigration Judge ("IJ") Robert D. Weisel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jaspal Singh*, No. A 96 149 124 (B.I.A. Dec. 28, 2007), *aff'g* No. A 96 149 124 (Immig. Ct. N.Y. City Dec. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility determination. In concluding that Singh was not credible, the IJ properly found implausible Singh's testimony regarding his fear of persecution. While Singh argues that his continued Sikh practice in the U.S. and Dubai was a valid reason to fear persecution, he fails to explain why the IJ erred in finding it implausible that, despite his fear, he remained in India for one year after his alleged arrest and beating. Moreover, the IJ found equally questionable Singh's claim that although he traveled to Dubai for lengthy periods on at least two occasions, he returned to India at least three times. We are not compelled to conclude that the IJ erred in finding Singh's story, as a whole, implausible. *See Ying Li v. BCIS*, 529 F.3d 79, 80 (2d Cir.2008).

The IJ also properly found that the absence of evidence corroborating the central elements of Singh's claim further undermined his credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Singh argues that the agency disregarded his explanations for his failure to submit such evidence: that he was "an uneducated person," that he was unaware of this evidentiary requirement, and that he feared potential retaliation from the police in India. However, rather than ignoring these explanations, the IJ considered and reasonably rejected them. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005) (holding that the agency need

not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

To the extent Singh challenges the IJ's other credibility findings, we decline to consider these arguments. Even if the IJ's remaining findings were in error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. *See Xiao Ji Chen,* 471 F.3d at 339. Ultimately, substantial evidence supported the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B). Accordingly, the IJ properly denied asylum, withholding of removal, and CAT relief where the only evidence that Singh would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.