**BI XING YU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES and Mark R. Filip,[1].**

**Acting Attorney General for the United States, Respondents.**

**No. 08–2652–ag.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark R. Filip is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

John Chang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Francis W. Fraser, Senior Litigation Counsel, Gary J. Newkirk, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Bi Xing Yu, a native and citizen of the People's Republic of China, seeks review of a May 2, 2008 order of the BIA affirming the September 20, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Xing Yu*, No. A99 082 965 (B.I.A. May 2, 2008), *aff'g* No. A99 082 965 (Immig. Ct. N.Y. City Sept. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir.2008).

We conclude that substantial evidence supports the IJ's determination that Yu was not credible. The IJ properly found that Yu's testimony regarding his alleged detention and beatings by the police was implausible. While Yu claimed that during his first interrogation, police brutally beat him with a metal bar, kicked him, and "hung him up" all night, Yu also testified, as the IJ noted, that he emerged with no permanent marks, and that the second interrogation was more cruel because an officer broke his glasses. When an adverse credibility determination is partly based on implausibility, "we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized," to determine whether the IJ's finding was impermissible. *Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir.2008). Presented with Yu's testimony regarding the severity of his beatings and their effect on him, we will not disturb the IJ's implausibility finding.

Yu asserts that the IJ erred in requiring him to submit medical records to corroborate his injuries because he testified that he did not seek medical attention for any of his injuries. As the Government points out, however, the IJ's observation was meant to underscore the implausibility of Yu's claim. The fact that Yu asserted he suffered no lasting effects from the alleged mistreatment, given its severity, raised a reasonable concern regarding the truthfulness of his statements. *Cf. Ying Li*, 529 F.3d at 83. Yu's argument is therefore meritless.

Having called Yu's testimony into question, the IJ also found that Yu failed to submit evidence to corroborate his claims. An applicant's failure to corroborate his testimony may bear on his credibility because the absence of corroboration in general makes him unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Contrary to Yu's argument, the IJ was not required to adhere to the steps prescribed by this Court in *Diallo v. INS,* 232 F.3d 279, 289–90 (2d Cir.2000), before concluding that the absence of corroboration further supported his credibility determination. *See Xiao Ji Chen,* 471 F.3d at 341. Because the IJ's adverse credibility determination was supported by substantial evidence, we cannot conclude that the agency erred in denying Yu's application for asylum. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic,* 519 F.3d at 95. Moreover, because the only evidence of a threat to Yu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.