SUMMARY ORDER

Hui Qun Jiang, a native and citizen of the People’s Republic of China, seeks review of a December 18, 2007 order of the BIA affirming the August 3, 2006 decision of Immigration Judge (“IJ”) Helen Sichel, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hui Qun Jiang, No. A96 234 287 (B.I.A. Dec. 18, 2007), affg No. A96 234 287 (Immig. Ct. N.Y. City Aug. 3, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the agency’s adverse credibility finding is supported by substantial evidence. In a pre-REAL ID Act case *270 like the one at issue here, to form the basis of an adverse credibility determination, a discrepancy must be “substantial” when measured against the record as a whole. See Secaida-Rosales v. INS, 331 F.3d 297, 308-309 (2d Cir.2003).
Here, the IJ noted a series of inconsistencies in the record. First, Jiang testified that the priest at her church is named Reverend Dou, later admitted she did not know his name, and finally acknowledged that the current priest’s name is Reverend Chiang. Second, while Jiang testified that the authorities went to look for her at her parents’ house 10 times after she fled China, her parents’ letter omitted any mention of these multiple visits. These inconsistencies are substantial because Jiang’s alleged Catholic faith is a central component of her claim, as is her claim that the Chinese authorities pursued her on account of her religious activity, and these inconsistencies cast doubt on both claims. See id.
Further, the IJ found it implausible that Jiang would not have baptized her child before sending him to China considering the importance of baptism for Catholics. We have recently held that “when an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual implausible feature of the account can be explained or rationalized.” Ying Li v. Bureau of Citizenship & Immigration Servs., 529 F.3d 79, 82 (2d Cir.2008). The IJ’s incredulity that Jiang would not have baptized her son before sending him to China finds support in the record. Id. Thus, we are not compelled to disturb the IJ’s finding.
The IJ further found that Jiang had provided insufficient corroborating evidence to support her claim that she was a practicing Catholic in the United States. An applicant’s failure to corroborate his or her testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Because Jiang’s testimony had already been called into question, the IJ properly relied on her failure to corroborate her claim in making her adverse credibility determination. Id.
Viewed in totality, the IJ’s adverse credibility determination was supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95. Moreover, to the extent that Jiang based her claims for withholding of removal and CAT relief on her purported Catholic faith, the adverse credibility determination undermines those claims. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
To the extent that Jiang based her claim for relief on her fear that she would be persecuted in China because she gave birth to a child in the United States, the IJ properly found her claim too “speculative” to merit relief. See Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005) (holding that if a petitioner claims to face sterilization, but has only one child or no children, such claim may appropriately be considered “speculative”).
Finally, to the extent that Jiang bases her CAT claim on her illegal departure from China, the agency properly found that she had failed to demonstrate that she will more likely than not be tortured on that basis. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); see also Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti *271 tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).