SUMMARY ORDER

Xiu Yun Wang, a native and citizen of the People’s Republic of China, seeks review of the August 20, 2008 order of the BIA which affirms the March 6, 2006 decision of Immigration Judge (“IJ”) Theresa Holmes-Simmons, denying her application for asylum, withholding of removal, and *291 relief under the Convention Against Torture (“CAT”). In re Xiu Yun Wang, No. A200 032 298 (B.I.A. August 20, 2008), aff'g No. A200 032 298 (Immig. Ct. N.Y. City Mar. 6, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008) when reviewing an IJ’s credibility findings, we afford particular deference in applying the substantial evidence standard.
We conclude that the agency’s adverse credibility finding is supported by substantial evidence. The IJ found that Wang’s “hesitant and unresponsive” demeanor reflected negatively on her credibility. For asylum applications governed by the REAL ID Act of 2005, like Wang’s, the agency may consider the totality of the circumstances and base a credibility finding on the applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Here, the IJ found that it appeared as if Wang had memorized the statement she filed with her asylum application. We have held that a fact-finder who assesses testimony together with witness demeanor is in the best position to discern “whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted ‘script.’” Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 109 (2d Cir.2006).
The IJ also noted an inconsistency in Wang’s testimony regarding her physical condition following her alleged abortion. Wang she initially testified that she was tired, dizzy and in pain after her alleged forced abortion. She then testified that she had “white stuff’ coming out of her body, and later, on cross-examination, claimed that “red stuff’ was also coming out of her body. Wang’s testimony was clearly inconsistent on this matter, and the IJ did not err in relying on those inconsistencies in finding that she was not credible. See 8 U.S.C. § 1158(b)(l)(B)(iii).
The IJ also properly relied on Wang’s failure to corroborate certain aspects of her claim in finding her not credible. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006) (holding that an applicant’s failure to corroborate her testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question).
We cannot uphold, however, the IJ’s finding that it was implausible that Wang’s abortion was performed without anesthesia where there is no support in the record for such a finding. Cf. Ying Li v. Bureau of Citizenship and Immigration Services, 529 F.3d 79, 82 (2d Cir.2008); Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005). Nonetheless, because we can “confidently predict” that the'IJ would reach the same decision as to Wang credibility absent the implausibility finding, we find that remand would be futile. Xiao Ji Chen, 471 F.3d at 339. In sum, considering the IJ’s demeanor finding, the inconsistency in Wang’s testimony, and her failure to corroborate certain aspects of her claim, we find that substantial evidence supports the adverse credibility determination in this case. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d *292 at 95. Accordingly, the IJ’s denial of Wang’s asylum application was proper.
To the extent that Wang based her claim for withholding of removal on the same factual predicate as her asylum claim, which the IJ properly found to lack credibility, her withholding of removal claim necessarily fails. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Finally, because Wang fails to argue that the IJ erred in denying her request for CAT protection, we consider any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.