SUMMARY ORDER

Xiao Yan Ren, a native and citizen of the People’s Republic of China, seeks review of a March 8, 2006 order of the BIA affirming the October 28, 2004 decision of Immigration Judge (“IJ”) Alan A. Vomac-ka, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiao Yan Ren, No. A97 385 316 (B.I.A. Mar. 8, 2006), aff'g No. A97 385 316. (Immig. Ct. N.Y. City Oct. 28, 2004). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
The IJ’s adverse credibility finding is supported by substantial evidence. The IJ’s adverse credibility determination relied in part on an inconsistency between [i] Ren’s testimony that she was arrested and detained for 10 days in China, and [ii] her airport interview, in which she did not mention ever being arrested. In a pre-REAL ID Act case such as this, a discrepancy that forms the basis of an adverse credibility determination, must be “substantial” when measured against the record as a whole. See Secaida-Rosales v. INS, 331 F.3d 297, 308-09 (2d Cir.2003). The inconsistency identified by the IJ is substantial: it casts doubt on whether Ren was ever arrested.
The adverse credibility determination, also rests on several aspects of Ren’s claim that were deemed implausible, but Ren waives any challenge to all but one of them: she argues that she forgot the address of the store because she was young and only worked there for a few months. ‘When an adverse credibility finding is based partly or entirely on implausibility, [the Court will] review the entire record, not whether each unusual implausible feature of the account can be explained or rationalized.” Ying Li v. Bureau of Citizenship and Immigration Services, 529 F.3d 79, 82 (2d Cir.2008). In light of the entire record in this case, the IJ reasonably found Ren’s claim implausible. See Ying Li, 529 F.3d at 82.
The IJ’s denial of Ren’s application for asylum was therefore proper. 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95. Inasmuch as Ren’s claims for withholding of removal and CAT relief rely on the same factual predicate as her asylum claim, her withholding of removal and CAT claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, Ren based her CAT claim on her fear of torture arising from her alleged illegal departure from China. The IJ’s denial of relief on that basis was without error. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); see also Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that *641 the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).