SUMMARY ORDER

Ziga Zhang, a native and citizen of the People’s Republic of China, seeks review of an April 11, 2008 order of the BIA affirming the September 16, 2005 decision of Immigration Judge (“IJ”) Teresa Holmes-Simmons, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ziga Zhang, No. A77 309 239 (B.I.A. Apr. 11, 2008), aff'g No. A77 309 239 (Immig. Ct. N.Y. City Sep. 16, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We conclude that the IJ’s adverse credibility finding is supported by substantial evidence.
In making her adverse credibility determination, the IJ concluded that, because all of Zhang’s identity documents were acquired after he arrived in the United States, he had failed to credibly establish his identity. We have held that a failure to establish identity is alone sufficient to deny asylum relief. See Borovikova v. United States Dep’t of Justice, 435 F.3d 151, 158 (2d Cir.2006). Because Zhang could not provide a clear explanation of how he acquired Chinese identity documents after he was already in the United States, the IJ properly relied on this discrepancy in finding him not credible. Id.
Additional discrepancies in the record also support the IJ’s adverse credibility determination. These discrepancies related to (1) whether Zhang’s wife was in hiding during her second pregnancy and (2) when the government discovered the birth of their second child. In this case, to form the basis of an adverse credibility determination, a discrepancy must be “substantial” when measured against the record as a whole. See Secaida-Rosales v. INS, 331 F.3d 297, 308-309 (2d Cir.2003). Zhang claimed in his asylum application that the family planning cadres discovered the birth of their second child after one month and took his wife from their “hiding place” to subject her to a forced sterilization procedure. Zhang testified before the IJ, however, that his wife was not in hiding *659 and that she gave birth to their second child in a government hospital. These inconsistencies are substantial and cast doubt on whether Zhang’s wife was in hiding and whether she was ever forcibly sterilized. See id.
Further, the IJ found implausible that Zhang would be able to provide a marriage certificate considering his testimony that he had not registered his marriage. We have held that “when an adverse credibility finding is based partly or entirely on implausibility, [the Court will] review the entire record, not whether each unusual implausible feature of the account can be explained or rationalized.” Ying Li v. Bureau of Citizenship and Immigration Services, 529 F.3d 79, 82 (2d Cir.2008). The IJ’s implausibility finding is supported by the record. Id.
Having called Zhang’s credibility into question, the IJ properly relied on his failure to corroborate certain aspects of his claim, where the absence of such corroboration made him unable to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Viewed in totality, the IJ’s adverse credibility determination is supported by substantial evidence, and the IJ’s denial of Zhang’s application for asylum was proper. 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95.
Inasmuch as Zhang based his claim for withholding of removal on the same factual predicate as his asylum claim, his withholding of removal claim necessarily fails. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Zhang has waived any challenge to the agency’s denial of his CAT claim. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).