08-2782-ag
Chen v. Holder

BIA
Hladylowycz, IJ
A79 092 310

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand ten.

PRESENT:
>       ROSEMARY S. POOLER,
>       ROBERT D. SACK,
>       DEBRA ANN LIVINGSTON,
> > > *Circuit Judges.*

―――――――――――――――――――――――――――――――

HUANG CHEN,
> *Petitioner,*

v.                                           08-2782-ag
                                             NAC
ERIC H. HOLDER, JR., ATTORNEY GENERAL,*
> *Respondent.*

―――――――――――――――――――――――――――――――

FOR PETITIONER:         Yee Ling Poon, Robert Duk-Hwan Kim, New York, New York.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, T. Bo Stanton, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Huang Chen, a native and citizen of the People's Republic of China, seeks review of a May 12, 2008 order of the BIA affirming the April 24, 2002 decision of Immigration Judge ("IJ") Roxanne Hladylowycz, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huang Chen*, No. A79 092 310 (B.I.A. May 12, 2008), *aff'g* No. A79 092 310 (Immig. Ct. N.Y. City, Apr. 24, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Chen failed to challenge the IJ's denial of his CAT claim before the BIA, we lack jurisdiction to consider this unexhausted argument. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119

2

(2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)). The petition for review is dismissed to that extent.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Upon our review of the record, we conclude that the agency's adverse credibility determination is supported by substantial evidence. *See Yuanliang Liu v. U.S. Dep't of*

3

*Justice*, 455 F.3d 106, 110-111 (2d Cir. 2006).  The agency found several aspects of Chen's testimony implausible; for example, Chen claimed that he did not know the legal age to marry when he had testified that he and his girlfriend had attempted to marry but were denied.  While Chen offers explanations for the implausibilities, such explanations – even if rational – "do not defeat a finding that the account is implausible."  *See Ying Li v. BCIS*, 529 F.3d 79, 83 (2d Cir. 2008).  Indeed, "when an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized."  *Id.* at 82.  Because our review of an IJ's adverse credibility finding is "especially limited and highly deferential," *id.* at 81, substantial evidence supports the IJ's finding where, taken as a whole, the IJ could conclude that the picture that emerged from Chen's story was implausible, *see id.* at 82-83.

We need not address Chen's "other resistance" claim in determining whether he is eligible for asylum and withholding of removal because the adverse credibility determination is dispositive in this case.  *See Paul v.*

4

*Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk