09-0133-ag
Islam v. Holder

BIA
Nelson, IJ
A071 497 062

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand ten.

PRESENT:
JOHN M. WALKER, JR.,
GUIDO CALABRESI,
REENA RAGGI,
<u>Circuit Judges</u>.

_____

MOHAMMAD ANWARUL ISLAM,
<u>Petitioner</u>,

v.                                    09-0133-ag
                                      NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
<u>Respondent</u>*.

_____

FOR PETITIONER:     Thomas V. Massucci, New York, New York.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the Respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Katharine E. Clark, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals (BIA), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mohammad Anwarul Islam, a native and citizen of Bangladesh, seeks review of a December 12, 2008 order of the BIA affirming the February 20, 2007 decision of Immigration Judge (IJ) Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Mohammad Anwarul Islam*, No. A071 497 062 (B.I.A. Dec. 12, 2008), *aff'g* No. A071 497 062 (Immig. Ct. N.Y. City Feb. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review

the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g.*, *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

Islam's claim that the IJ did not explicitly make an adverse credibility finding is without merit. Although an IJ must "decide explicitly" whether an applicant is credible, *see Diallo v. INS,* 232 F.3d 279, 290 (2d Cir. 2000), no magic words are required. The IJ's finding that Islam's testimony regarding the alleged charges against him was "implausible" is sufficiently explicit.

The adverse credibility finding is also supported by substantial evidence. In reviewing an adverse credibility determination based on an applicant's implausible testimony, we "review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized." *Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir. 2008).

The IJ reasonably found suspicious the circumstances of the arrest warrant. Islam testified that he was present in

3

the United States when the offenses alleged in the arrest warrant occurred. He admitted that he could easily prove this fact and that he had a lawyer in Bangladesh. He claimed, however, that he had not attempted to refute the allegations and had not even discussed the matter with his attorney in Bangladesh. When asked why he had never attempted to refute the allegations or speak with his attorney, he testified that he was "too busy" working.

Islam also failed to provide any explanation for why charges would be filed against him over fourteen years after he left Bangladesh. Further casting suspicion on the warrant's timing is that the alleged charges occurred a few days after the BIA issued a decision denying Islam's first motion to reopen. The IJ reasonably found this timing "oddly coincidental."

The IJ also did not err in declining to afford evidentiary weight to the alleged warrant. We have made clear that the authentication provisions set forth at 8 C.F.R. § 287.6 are not the exclusive means for authenticating a document. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005). Nonetheless, we "afford IJs considerable flexibility in determining the

4

authenticity of such documents from the totality of the evidence." *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008). The agency properly considered the totality of the evidence here, including Islam's testimony, and reasonably concluded that the warrant had not been authenticated "in any way." *See id.; see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).[**]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[**] Islam does not challenge the agency's denial of his request for CAT relief in his brief to this Court.