09-2452-ag
Zheng v. Holder

BIA
A078 287 082

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges.*

_____

SHOU ZHENG, aka SHOU FENG ZHENG,
        *Petitioner*,

        v.                                          09-2452-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Kevin Long, Monterey Park,
                       California.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Daniel E. Goldman, Senior
                       Litigation Counsel; Yamileth G.
                       Handuber, Trial Attorney, Civil
                       Division, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shou Zheng, a native and citizen of the People's Republic of China, seeks review of the May 14, 2009, order of the BIA, which denied her motion to reopen and reconsider. *In re Shou Zheng*, No. A078 287 082 (B.I.A. May 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In denying Zheng's motion, the BIA construed it as both a motion to reopen and reconsider. The substantive standards for each motion are distinct. Whereas a motion to reconsider must specify errors of fact or law in the BIA's prior decision, *see* 8 C.F.R. § 1003.2(b)(1), an untimely motion to reopen must establish changed country conditions, 8 C.F.R. § 1003.2(c)(3)(ii); *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Here, as the Government argues, Zheng fails to challenge the BIA's denial of her motion to reconsider. Accordingly, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

We further find that the BIA did not abuse its discretion in denying Zheng's motion to reopen. Zheng does not dispute that her motion to reopen was untimely. Rather, she argues that the BIA erred by calling her credibility into question in denying that motion. However, the BIA reasonably found that even assuming Zheng had shown a change in country conditions regarding religious persecution in China, she failed to demonstrate that the change was *material* to her claim. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA explained that, although Zheng stated that the Chinese government intercepted a Bible which she mailed to her mother, her mother's affidavit did not mention this incident, and the postal receipt Zheng submitted "does not show what was mailed, who mailed it, or who was the intended recipient." In other words, the BIA did not believe that Zheng, who claimed in her underlying proceedings that she feared persecution under China's family planning policy, had actually become a member of a Christian sect and feared persecution on that basis. That finding was particularly appropriate given the adverse credibility finding the IJ had made in the underlying proceeding. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (relying on the

3

doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)).

Despite Zheng's argument, the BIA also did not err in relying on the lack of corroboration for her claim that the Chinese government was aware of her activities with the Shouters, noting that she failed to present "any document issued by the authorities to her." *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). This Court has observed that asylum applicants may not always be expected to produce evidence from their alleged persecutors. *See Qin Wen Zheng*, 500 F.3d at 147. Here, however, given the BIA's reasonable suspicion regarding Zheng's credibility, it was entitled to decline to reopen her proceedings in the absence of probative evidence. *Id.*

Additionally, contrary to Zheng's assertion, the BIA acted within its discretion in finding implausible her statement that she did not become aware of the Chinese government's persecution of the Shouters until after she was told about it by her mother in April 2008. The BIA explained that it was inherently unbelievable that she would

4

not be aware of such persecution earlier, because she did not leave China until 2000 and the Department of State Report stated that "beginning in the 1980's, the Chinese government banned groups which it determined to be cults, including the 'Shouters' and *several* other Protestant Christian groups." *See Ying Li v. BCIS,* 529 F.3d 79, 82 (2d Cir. 2008).

Ultimately, because the BIA did not err in finding that Zheng failed to demonstrate a material change in country conditions, *see Jian Hui Shao*, 546 F.3d at 169-72, it did not abuse its discretion in denying her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk