Bah v. Holder

BIA
Balasquide IJ
A095 476 281

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand thirteen.

PRESENT:
       RALPH K. WINTER,
       ROSEMARY S. POOLER,
       ROBERT D. SACK,
          *Circuit Judges.*

_____

MAMADOU YERO BAH,
       *Petitioner,*

      v.                   11-2104
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:      Theodore Vialet, New York, NY.

FOR RESPONDENT:      Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mamadou Yero Bah, a native and citizen of Guinea, seeks review of an April 22, 2011, decision of the BIA affirming the April 20, 2009, decision of Immigration Judge ("IJ") Javier Balasquide denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Yero Bah*, No. A095 476 281 (B.I.A. Apr. 22, 2011), aff'g No. A095 476 281 (Immig. Ct. N.Y. City Apr. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have reviewed both the BIA's and the IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's determination that Bah did not testify credibly regarding his claim that he had been persecuted in Guinea, as the IJ reasonably relied on inconsistencies in the record. *See Zhou Yun Zhang v. INS*, 386

F.3d 66, 73 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007 (*en banc*). As the IJ found, Bah's testimony was inconsistent with his written statement regarding when his second arrest occurred and how long he was held at Camp Koundara, and both Bah's testimony and written statement were inconsistent with his brother's letter regarding the reason for Bah's second arrest. Also, as the IJ found, Bah's direct testimony regarding the number of times he had been arrested was inconsistent with his testimony on cross examination after being confronted with the discrepancy between his testimony and his brother's letter. The IJ reasonably declined to credit Bah's explanations for these inconsistencies – that he had difficulty remembering the events because they were traumatic, and that his brother's letter described an arrest that Bah did not include in his asylum application. Although Bah's faulty memory may be a plausible explanation for certain discrepancies, his explanation for his brother's letter did not comport with the timeline he had testified to regarding his persecution in Guinea, and thus was not credible. Neither explanation would compel a reasonable fact finder to credit Bah's testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d

3

Cir. 2005) ("A petitioner must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony.").

Bah argues that, even with the inconsistencies in his testimony, his testimony was otherwise detailed and specific, and, thus, the agency's adverse credibility determination is not supported by substantial evidence. The adverse credibility finding, however, was based on inconsistencies regarding the dates and duration of Bah's arrests and detention, as well as the number of times he was arrested. Because Bah's application for relief was based on these arrests, detentions and beatings, the inconsistencies are integral to his claim for relief, and are a reasonable basis for the agency's adverse credibility determination. *See* *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008) ("The agency may properly base an adverse credibility determination on a discrepancy in the petitioner's evidence if the discrepancy in question goes to the heart of the petitioner's claim for relief.") (internal quotation marks omitted). Nothing in the record compels the conclusion that Bah testified credibly regarding his claims. *See* 8 U.S.C.

4

§ 1252(B)(4)(b); *Ying Li v. Bureau of Citizenship and Immig. Servs*, 529 F.3d 79, 81 (2d Cir. 2008) (applying the substantial evidence standard to credibility determinations). Accordingly, the agency did not err in denying Bah's applications for asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk