SUMMARY ORDER

Petitioner Chikun Chen, a citizen of China, seeks review of a June 17, 2008 order of the Board of Immigration Appeals (“BIA”) affirming Immigration Judge (“IJ”) Helen Sichel’s October 31, 2006 decision denying Chen’s application for asylum, withholding of removal, and relief under the Convention Against Torture. In re Chikun Chen, No. A97 391 248 (B.I.A. June 17, 2008), affg No. A97 391 248 (Im-mig. Ct. N.Y. City October 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We find no error in the IJ’s adverse credibility determination. It was based on the IJ’s observations of Chen’s demeanor, his failure to offer sufficient documentary evidence to corroborate his claims, and inherently implausible aspects of his claims.
This Court gives particular deference to an IJ’s assessment of an applicant’s demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Further, there was no error in the IJ’s determination that Chen’s documents were entitled to “diminished weight.” Indeed, the weight afford *676 ed to a petitioner’s documentary evidence “lies largely within the discretion of the agency.” Xiao Ji Chen v. U.S Dep’t of Justice, 471 F.3d 315, 341-42 (2d Cir.2006). Although an IJ may err in rejecting a document solely based on the alien’s failure to authenticate pursuant to 8 C.F.R. § 287.6, see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 404-06 (2d Cir.2005), there is no error where, as here, the decision to reject the document is based on legitimate credibility concerns and the IJ relies only in part on the fact that the document was not authenticated, see Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-49 (2d Cir.2007).
Chen argues that in finding him not credible, the IJ erred in relying on minor inconsistencies related to his possession of a national identification card. The IJ’s finding on this issue, however, is more accurately characterized as a conclusion that it was implausible that Chen’s family would have been able to obtain his identification card after he had been arrested and escaped from police custody. We are not compelled to disturb that finding. See Wensheng Yan v. Mukasey, 509 F.3d 63, 67 (2d Cir.2007); Ying Li v. Bureau of Citizenship and Immigration Servs., 529 F.3d 79, 82 (2d Cir.2008). Although Chen offered an explanation — that the office that issued national identification cards was separate from the police or other law enforcement — nothing in the record would compel a reasonable fact finder to accept that explanation. See Majidi, 430 F.3d at 81 n. 1. Further, the IJ’s rejection of Chen’s explanation was not based on improper speculation regarding practices in China, see Cao He Lin, 428 F.3d at 404, but, rather, on the inherent implausibility of Chen’s claim that the Public Security Bureau would issue a fugitive a national identification card.
Having called Chen’s credibility into question, the IJ did not err in noting his failure to produce a witness who could corroborate his claim that he practices Fa-lun Gong in this country. See Xiao Ji Chen, 471 F.3d at 341 (noting that an IJ does not err in citing inadequate corroboration as a basis for denying relief where a petitioner is not otherwise credible). Chen’s failure to produce such corroborative evidence undermined his claim that he feared persecution on account of his current practice of Falun Gong.
Because the only evidence of a threat to Chen’s life or freedom depended upon his credibility, the adverse credibility finding in this case necessary precludes success on his claim for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003). Finally, because Chen offered no independent evidence that he would be tortured if returned to China, the adverse credibility determination in this case also precludes success on his claim for CAT relief. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005); cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).