Shi v. Sessions

BIA
Poczter, IJ
A205 442 530

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand seventeen.

PRESENT:
    RICHARD C. WESLEY,
    DENNY CHIN,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

GUIXIN SHI,
        *Petitioner,*

        v.                                    15-2142
                                              NAC
JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONER:          Wei Gu, Whitestone, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Cindy S.
                         Ferrier, Assistant Director;
                         Timothy G. Hayes, Trial Attorney,
                         Office of Immigration Litigation,

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III,  is automatically substituted for former Attorney General Loretta E. Lynch

United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guixin Shi, a native and citizen of the People's Republic of China, seeks review of a June 19, 2015, decision of the BIA affirming a October 28, 2013, decision of an Immigration Judge ("IJ") denying Shi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guixin Shi,* No. A205 442 530 (B.I.A. June 19, 2015), *aff'g* No. A205 442 530 (Immig. Ct. N.Y. City Oct. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency may, in light of "the totality of the circumstances," base an adverse credibility determination on

the plausibility of an applicant's account. When reviewing for substantial evidence, "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The determination against Shi is sound. "[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). An implausibility finding cannot be based on "bald speculation or caprice." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). But an inference is not based on "speculation . . . if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Shi alleged that a colleague suffered an injury at a government-owned factory; Shi and others successfully persuaded management to compensate the colleague; and later that same day, police arrested, detained, and beat Shi. Common

3

sense supports the IJ's incredulity: it is not likely that factory management would capitulate to Shi's demands and then retaliate against her. Moreover, the IJ "developed the record such that the reasons for [her] incredulity are evident." *Wensheng Yan*, 509 F.3d at 67. The Government attorney asked Shi if the workers who helped collect donations were likewise arrested (Shi did not know), and the IJ confirmed that if those workers could openly solicit funds from their fellow workers, they were not afraid of factory management.

Shi now offers three possible explanations for the factory to have punished her after agreeing to her demands: the government did not perceive her as a threat until she succeeded in obtaining compensation for her injured friend; the government wanted Shi to be an example to others; and factory management took time to coordinate with the police. "[T]hese available possibilities do not defeat a finding that the account is implausible." *Ying Li v. BCIS*, 529 F.3d 79, 83 (2d Cir. 2008); *see also Wensheng Yan*, 509 F.3d at 68 ("The fact that there could conceivably be a scenario in which Yan's behaviors would be deemed plausible will not compel this Court to label unreasonable an IJ's finding of implausibility. . . ."). On substantial evidence review, we do not "explain away the

4

improbabilities" identified by the agency. *Zhou Yun Zhang*, 386 F.3d at 74. Rather, we ask whether "any reasonable adjudicator would be compelled to conclude" that the applicant testified credibly. *Ying Li*, 529 F.3d at 80.

The implausibility of Shi's testimony cast doubt on whether the critical incident of alleged persecution occurred. Shi's applications for asylum, withholding of removal, and CAT relief were based on the same factual predicate, and so the adverse credibility determination was dispositive as to all three. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk