Wang v. Barr

BIA
Loprest, IJ
A205 440 440

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand nineteen.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
>   *Circuit Judges.*

_____

HUAN WANG,
>   *Petitioner,*

v.                                              17-2306
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>   *Respondent.*

_____

FOR PETITIONER:        Robert J. Adinolfi, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Claire L.
                       Workman, Senior Litigation
                       Counsel; John B. Holt, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huan Wang, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ") denial of Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huan Wang,* No. A 205 440 440 (B.I.A. July 13, 2017), *aff'g* No. A 205 440 440 (Immig. Ct. N.Y. City May 18, 2016).

Under the circumstances, we have reviewed "both the IJ's and the BIA's opinions for the sake of completeness," *Huo Qiang Chen v. Holder*, 773 F.3d 396, 403 (2d Cir. 2014) (internal quotation marks omitted), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018) (reviewing factual findings for substantial evidence and questions of law and the application of law to undisputed facts de novo). In so doing, we assume the parties' familiarity with the underlying

2

facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

To establish eligibility for asylum, withholding of removal, and CAT relief, Wang had to show that she suffered past persecution, or had a well-founded fear of future persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i); 8 C.F.R. § 1208.13. It is undisputed that Wang did not allege past persecution, but only a fear of future persecution. A fear of future persecution must be both subjectively credible and objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear of persecution is "speculative at best."). Wang could meet this burden by showing either a "reasonable possibility . . . she would be singled out individually for persecution," or a "pattern or practice" of persecution of

"persons similarly situated" to her. 8 C.F.R. § 1208.13(b)(2)(iii); *see also Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013). We find no error in the agency's conclusion that Wang failed to establish a well-founded fear of future persecution.

First, the agency reasonably afforded limited weight to Wang's evidence that she would be singled out individually for persecution. Wang's only evidence that Chinese authorities were aware of her practice of Christianity in 2011 were letters from her mother and her church leader. Both authors were unavailable for cross-examination, Wang's mother was an interested witness, and the church leader's letter did not identify who reported Wang to the police or explain how the church leader knew about that report. *See Y.C.*, 741 F.3d at 334 (affirming agency's determination that letter from spouse in China was entitled to limited weight because it was unsworn and submitted by interested witness); *see also id.* ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Furthermore, the agency did not err in reasoning that, even

4

if Chinese authorities had been interested in Wang's practice of Christianity and aware of her whereabouts in 2011, there was no objectively reasonable basis for Wang's fear of persecution six years later. Wang conceded that she did not know whether the authorities had looked for her since telephoning her mother once in 2011, and she was subsequently able to obtain a visa in her own name to leave China, thus undermining the plausibility of her fear that police sought to arrest her. *See Jian Xing Huang*, 421 F.3d at 129; *cf. Ying Li v. BCIS*, 529 F.3d 79, 82-83 (2d Cir. 2008) (declining to disturb adverse credibility determination where applicant asserted that she "successfully quit the country using her own passport (despite allegations of nationwide persecution)"); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding alleged future fear diminished when similarly situated individuals are able to live unharmed in asylum applicant's native country).

Second, the agency reasonably concluded that the country conditions evidence did not establish a pattern or practice of persecution of individuals similarly situated to Wang.

5

To demonstrate such a pattern or practice, Wang had to establish that the harm to the group was "'systemic or pervasive.'" *Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007) (quoting *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005)). But the State Department country conditions reports submitted by Wang and considered by the agency show that millions of Chinese Protestants worship without incident in China's unregistered congregations. CAR at 483. The agency reasonably considered these reports to conclude that there was not systematic or pervasive persecution. *See Shao v. Mukasey*, 546 F.3d 138, 166 (2d Cir. 2008)(characterizing State Department reports as "usually the best available source of information on country conditions" (internal quotation marks omitted)).

In sum, substantial evidence supports the agency's finding that Wang failed to demonstrate a well-founded fear of persecution. Accordingly, we identify no error in the agency's determination that Wang failed to demonstrate eligibility for asylum, and, therefore, necessarily failed to

6

meet the higher burden for withholding of removal and CAT relief. *See Y.C.*, 741 F.3d at 335.

For the foregoing reasons, the petition for review is DENIED. All pending motions are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court