*Yun-Lai v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-five.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

CHI YUN-LAI,

> *Petitioner*,

> v.                                                          No. 23-6224

PAMELA BONDI, United States Attorney General,

> *Respondent.*.*

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Acting Attorney General James R. McHenry III as Respondent.

_____

**For Petitioner:**    THOMAS V. MASSUCCI, New York, NY.

**For Respondent:**   CHRISTIN M. WHITACRE, Trial Attorney
(David J. Schor, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Chi Yun-Lai, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA summarily affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chi Yun-Lai*, No. A202 072 298 (B.I.A. Feb. 8, 2023), *aff'g* No. A202 072 298 (Immigr. Ct. N.Y.C. June 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily affirms an IJ's decision without opinion, "we review the IJ's decision as the final agency determination." *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). In assessing the credibility of an applicant, an IJ may consider "the totality of the circumstances," including but not limited to "the

inherent plausibility of the applicant's . . . account." 8 U.S.C. § 1158(b)(1)(B)(iii). We review an IJ's adverse credibility finding "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and consider that finding to be "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Having reviewed the record in its entirety, we are persuaded that substantial evidence supports the IJ's finding that Yun-Lai was not credible. Yun-Lai claims that he was arrested, beaten, and detained in China for attending an underground church service. He asserts that he was held in custody for over two weeks, during which time he was assaulted, interrogated, and starved. After his family posted his bail, the police released him from detention but still required him to report to the police station on a weekly basis, which he claims to have done a total of seven times before fleeing from China and eventually arriving in the United States. At his immigration hearing more than four years later, Yun-Lai asserted that the Chinese police were still actively pursuing him and that they were, in fact, repeatedly showing up at his parent's residence to inquire about his whereabouts. Notwithstanding this alleged history of ongoing persecution, Yun-Lai stated that he visited the Chinese consulate in New York and filled out

3

paperwork to obtain a Chinese passport. He also asserted that the Chinese government actually issued him one, even though the Chinese police were apparently still actively looking for him in China and even though Chinese law prohibits the issuance of a passport to a suspected criminal. Considering the record as a whole, we cannot say that the IJ erred in concluding that Yun-Lai's story was so implausible on its face that it was not worthy of belief. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (approving an IJ's implausibility finding that was "tethered to record evidence" when "there [was] nothing else in the record from which a firm conviction of error could properly be derived").

We reject Yun-Lai's argument that the IJ engaged in impermissible speculation in reaching its conclusion. Our caselaw provides that an IJ may draw reasonable inferences so long as such inferences are "made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007). The IJ here clearly explained that its credibility finding was based on the sheer incongruity between Yun-Lai's asserted history of persecution in China, where he continued to be a fugitive, and his willingness to voluntarily appear at the Chinese consulate in New York to obtain a Chinese passport. Given that the

4

IJ's implausibility findings were "tethered to record evidence," with "nothing else in the record from which a firm conviction of error could properly be derived," we cannot say that the IJ engaged in impermissible speculation here. *Wensheng Yan*, 509 F.3d at 67.

Nor was the IJ obliged to credit Yun-Lai's explanation that he went to the Chinese consulate because he felt protected by the United States government or that he received a Chinese passport because he was not a suspected criminal but had merely committed an administrative violation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief." (internal quotation marks omitted)). We have made clear that a rational explanation will "not defeat a finding that the account is implausible." *Ying Li v. Bureau of Citizenship & Immigr. Servs.*, 529 F.3d 79, 83 (2d Cir. 2008). Rather, we will only reverse the IJ's finding if "any reasonable adjudicator would be compelled to" credit the petitioner's explanation. *Id.* Based on the totality of the record, we are not convinced that any reasonable adjudicator would be compelled to credit Yun-Lai's explanations as to why he willingly went to the Chinese consulate or how he procured a passport from the Chinese government. *See id.*

Finally, to the extent that Yun-Lai argues that the IJ did not provide him with an opportunity to sufficiently explain why he was willing to go to the Chinese consulate despite his purported fear of the Chinese government, that argument is directly contradicted by the record. The IJ explicitly asked Yun-Lai to explain his willingness to appear at the Chinese consulate in New York even though Chinese authorities were purportedly still looking for him in China, at which time Yun-Lai volunteered that he did not fear going to the Chinese consulate because he felt protected by the United States government. After the IJ specifically outlined his concerns about the plausibility of Yun-Lai's account, the IJ opened the record for an additional thirty days so that Yun-Lai could provide further evidence and arguments in support of his claim. Yun-Lai thereafter submitted supplemental documentation, primarily consisting of the texts of various Chinese laws, along with a short closing statement asserting that he is not a suspected criminal under Chinese law. But the IJ specifically acknowledged those supplemental submissions and then found that Yun-Lai could still be considered a suspected criminal for disobeying a directive of the Chinese police. Based on the totality of the circumstances, we are not convinced that any reasonable adjudicator would be compelled to find contrary to the IJ. *See Ying Li*, 529 F.3d at 83.

Because Yun-Lai's claims for asylum, withholding of removal, and CAT relief are all predicated on the same allegations, the IJ's adverse credibility determination forecloses all three forms of relief.   *See Hong Fei Gao*, 891 F.3d at 76.

\*     \*     \*

We have considered Yun-Lai's remaining arguments and find them to be without merit.   Accordingly, we **DENY** the petition for review.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court