*Manik v. Bondi*

BIA
DeCure, IJ
A241 883 476/475/477/478

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of January, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MOHAMMAD MANIK, JANNY BEGUM, M.A.M., M.L.A.M.,*
> *Petitioners,*

> v.

24-327
NAC

_____

\* We have used only initials to refer to the minor petitioners in this publicly accessible order, consistent with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
   *Respondent.*

_____

FOR PETITIONERS:   Khagendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, NY.

FOR RESPONDENT:   Brian Boynton, Principal Deputy Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Senior Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mohammad Manik, Janny Begum, and their children, natives and citizens of Bangladesh, seek review of a January 18, 2024, decision of the BIA affirming a May 30, 2023, decision of an Immigration Judge ("IJ") denying Manik's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Mohammad Manik, et al.*, Nos. A241 883 476/475/477/478 (B.I.A. Jan. 18, 2024), *aff'g* Nos. A241 883 476/475/477/478 (Immigr. Ct. N.Y.C. May 30, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). "We review the agency's . . . adverse credibility findings[] under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Federal law provides guidance for credibility determinations:

Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder

3

could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Manik alleged that members of the Bangladesh Awami League threatened him and attacked him three times on account of his membership in, and support for, the Liberal Democratic Party ("LDP"). Substantial evidence supports the agency's determination that Manik was not credible.

The IJ reasonably relied in part on Manik's demeanor, finding his testimony "evasive" and "non-responsive" at times. Certified Admin. R. ("CAR") at 120–21; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor . . . ."). And "[w]e can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006). Here, the agency found that Manik's written statement and testimony were inconsistent in several ways. *See* CAR at 118–20. Manik did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for

4

his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation modified)). Thus, the record supports the IJ's demeanor finding.

The IJ also reasonably relied on the implausibility of Manik's account that supporters of the large and powerful Awami League chose to target a new, low-level member of a small, relatively powerless political party, and that they tried to kill him without leaving marks despite punching him and beating him with hockey sticks. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ying Li v. Bureau of Citizenship & Immigr. Servs.*, 529 F.3d 79, 83 (2d Cir. 2008) ("In light of the overall implausibility of [Petitioner's] account, we cannot say that any reasonable adjudicator would be compelled to conclude that [he] testified credibly.").

Having questioned Manik's credibility, the IJ reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "[I]t is well established that an applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Malets v. Garland*, 66 F.4th 49, 57 (2d Cir. 2023) (citation modified). The IJ reasonably afforded limited weight to affidavits from Manik's relatives and

5

acquaintances, many of whom were interested parties and who were not available for cross-examination, and to his medical records, which provided no description of injuries or treatment. *See* CAR at 123–24; *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (finding that an "IJ acted within her discretion in according . . . little weight" to letters from "interested parties" who were not "available for cross-examination"). Manik did not provide any country conditions evidence that the Awami League targets or commits violence against LDP leaders or members.

Taken together, the IJ's demeanor finding, the inconsistencies, the implausible testimony, and the lack of corroboration provide substantial evidence supporting the IJ's adverse credibility determination. [1]    *See* 8 U.S.C.

---

[1] Manik argues that the agency erred in finding that Manik's written statements omitted the claim, made in his hearing testimony, that Awami League members searched for him one week before his hearing, "because it occurred within the 15-day deadline for filing documents before the Immigration Court." Petitioner's Br. at 11. Even assuming that was error, remand would be futile given Manik's lack of responsiveness, the other inconsistencies, his implausible testimony, and the absence of reliable corroboration. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) ("When an IJ or BIA decision contains errors, we may nevertheless deem remand futile . . . if (1) substantial evidence in the record relied on by the IJ . . . supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can

6

§ 1158(b)(1)(B)(iii); *Malets*, 66 F.4th at 57; *Xiu Xia Lin*, 534 F.3d at 167; *Ying Li*, 529 F.3d at 83.   The adverse credibility determination is dispositive because all three forms of relief are based on the same factual predicate.   *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

state with confidence that the IJ would adhere to his decision were the petition remanded." (citation modified)).